■ MEMORIAL HOSPITAL, Respondent, v KENNETH KLIGERMAN, Appellant. [766 NYS2d 451] —Carpinello, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered July 9, 2002 in Greene County, which, upon renewal, inter alia, granted plaintiff's motion for summary judgment.

Plaintiff commenced this action to recover $4,904.34 for medical services rendered to defendant on August 19, 1999 and subsequently moved for summary judgment. Defendant opposed the motion, claiming that his medical procedure was not completed due to inadequacies in plaintiff's equipment and that he had been forced to undergo a second procedure at another hospital. In March 2001, Supreme Court found this opposition sufficient to raise a question of fact, thus precluding summary judgment. Subsequently, in February 2002, defendant moved to dismiss the action as abandoned because plaintiff had not entered Supreme Court's order as directed. Plaintiff opposed the motion and cross-moved for leave to renew its motion for summary judgment based upon the availability of medical records that had not been proffered on its original motion. Supreme Court denied defendant's motion and granted plaintiff's cross motion to renew and for summary judgment. Defendant appeals.

We affirm. Defendant initially contends that plaintiff's pleadings are jurisdictionally defective because they failed to apprise him of plaintiff's identity. More particularly, defendant argues that plaintiff's caption identified plaintiff as "Memorial Hospital" rather than "Albany Memorial Hospital" and caused him to be confused as to which hospital was suing him. Defendant, however, failed to object to this caption within two days as required by CPLR 2101 (f) and, thus, this objection is waived. In any event, plaintiff's complaint sets forth the date and cost of plaintiff's medical treatment, which, in our view, was sufficient to apprise defendant of the specific hospital at issue. In addition, an itemized bill was included among plaintiff's papers on its original motion for summary judgment, thus eliminating any confusion about the services rendered.

Defendant also argues that Supreme Court erred when it granted plaintiff's motion to renew because plaintiff did not put forth any new evidence that could not have been offered on its original motion (see CPLR 2221 [e]). Plaintiff, however, maintains that the specific medical treatment provided to defendant was first placed at issue in defendant's affidavit in opposition to the initial summary judgment motion and that, despite plaintiff's demand for service of answering papers at least seven days before the return date of the motion (see CPLR 2214 [b]), defendant did not oppose the motion until the return date itself. In view of defendant's untimely response, which deprived plaintiff of an opportunity to reply, we see no error in Supreme Court's decision to grant plaintiff's motion to renew.

To the extent not herein addressed, defendant's remaining

contentions have been considered and found to be without merit.

Cardona, P.J., Mercure, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.